553 A.2d 924

**Mario LUDMER, Appellee,**

v.

**Maurice A. NERNBERG, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 1988.

Decided Feb. 3, 1989.

William R. Tighe, Tighe, Evan & Ehrman, Pittsburgh, Pa., for appellant.

Seymour A. Sikov, Sikov and Love, P.A., Jay N. Silberblatt, Pittsburgh, Pa., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

We are called upon in this appeal to review the order and memorandum opinion of the Superior Court reversing the order of the Court of Common Pleas of Allegheny County which had granted the Appellant's preliminary objections. At issue here is whether the Wrongful Use of Civil Proceedings Act ("Act") as set forth in 42 Pa.C.S. §§ 8351–8354 is applicable to a complaint which was filed prior to the effective date of the Act, although not adjudicated until after the effective date of the Act. The critical facts are not in dispute. The Appellee, Mario Ludmer, is a medical doctor who was the treating physician for one of the Appellant's clients in a personal injury lawsuit. In preparation for the litigation, the Appellant, Maurice A. Nernberg, Jr., had requested that Dr. Ludmer prepare a written report of his examination and a diagnosis of the client's medical condition. Dr. Ludmer submitted a report and offered to testify at trial if necessary to clarify his position. During the personal injury trial, the defendant's wife became ill,

resulting in the plaintiff instructing Nernberg to negotiate a settlement rather than seeking a continuance.

After settling the personal injury action, the Appellant then commenced a lawsuit against the Appellee claiming that the Appellee did not properly cooperate with him in the preparation of the personal injury action and that he had interfered with the contractual relationship between the Appellant and his client. As a result of the Appellee's actions, the Appellant alleged that he was forced to settle the personal injury action for less money. Following the completion of the discovery, the Appellee filed a motion for summary judgment which was granted. On appeal the Superior Court affirmed and we denied allocatur. *Nernberg v. Ludmer*, 313 Pa.Super. 596, 460 A.2d 847 (1983).

The Appellee then commenced this present action seeking damages pursuant to the Act. The Appellant filed preliminary objections alleging that the Appellee had failed to allege an arrest or seizure of property which heretofore was a basic requirement of the existing common law necessary for recovery. Furthermore, the Appellant argued that the Act was inapplicable because his complaint against the Appellee was filed prior to the effective date of the Act. The trial court granted the preliminary objections and dismissed the Appellee's complaint. On appeal, the Superior Court reversed holding that the Appellee's cause of action did not accrue until he successfully defeated the Appellant and his complaint. 355 Pa.Super. 639, 509 A.2d 1325. At that time, the Act was applicable thereby giving the Appellee a proper cause of action. We granted the Appellant's Petition for Allowance of Appeal and now affirm.

The Appellant raises two issues for our review: whether the Superior Court has improperly applied the Act retroactively in this case, and assuming the Act was applicable, whether the Appellee set forth sufficient facts to support his cause of action.

Prior to February 19, 1981, the effective date of the Act, a person wronged by the initiation of a lawsuit could either allege a common law malicious use of process or an abuse

of process. *Publix Drug Co. v. Breyer Ice Cream Co.*, 347 Pa. 346, 32 A.3d 413 (1943). To sustain a cause of action, a claimant was required to allege an arrest of the person or a seizure of property. Under the Act, the legislature specifically abrogated this requirement.

(b) **Arrest or seizure of person or property not required.**—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this sub-chapter.

42 Pa.C.S.A. § 8351(b). Thus it is critical whether the Act or the common law is applicable. There is no disagreement that the Appellee has not alleged an arrest or seizure of property. If the Act is applicable, this allegation is unnecessary; however, if the common law is applicable, the failure to allege one of these factors is fatal to the cause of action.

The Appellant argues that to make the Act applicable to Appellee's cause of action would result in a retroactive application of the Act. To support his position, the Appellant argues that under the Act the key element for establishing a cause of action is the wrongful initiation of a lawsuit. Since the underlying lawsuit filed by the Appellant against the Appellee was filed in March of 1979, the Act was not in existence and therefore the Appellant argues that the cause of action did not exist. To permit the current cause of action to continue would thus result in applying the Act to a cause of action which occurred two years prior to its existence. Thus, applying the Act to the case *sub judice* will result in a retroactive application of the Act.

If we were to accept the Appellant's initial premise then the logical extension of his argument would be correct. However, since we do not accept his initial argument that the cause of action occurs at the time the underlying lawsuit is commenced, we cannot accept his argument on retroactivity.

Under the Act, a person who participates in the initiation or continuation of a civil action is subject to liability for wrongful use of civil process if he acts in a grossly negli-

gent manner or without probable cause and the proceedings are terminated against him.[1]

The elements required to successfully pursue a cause of action under the Act are the initiation of a lawsuit without probable cause or in a grossly and negligent manner and a favorable outcome in that lawsuit. Although the initiation of a lawsuit is one element of the cause of action, the cause of action does not accrue until all the requirements have been met which includes obtaining a favorable outcome. *Kapil v. Association of Pennsylvania State College and University Faculties*, 504 Pa. 92, 470 A.2d 482 (1983); *Sicola v. First National Bank of Altoona*, 404 Pa. 18, 170 A.2d 584 (1961). Furthermore, the fact that some of the requirements for application of a statute occur prior to the enactment of the statute, does not result in the retroactive application of that statute. *Gehris v. Commonwealth of Pennsylvania, Department of Transportation*, 471 Pa. 210, 369 A.2d 1271 (1977). The Appellee's cause of action did not accrue until such time as he successfully defeated the Appellant in his attempts to have the Appellee held legally liable. In this instance, that did not occur until we denied allocatur on September 14, 1983. Having obtained a successful determination in the Appellant's cause of action, Appellee had met, at least arguably, all the elements of a cause of action under the Act. Thus, the Act was not being applied retroactively to events occurring in March of 1979, but rather prospectively to events occurring in September of 1983. Therefore, there is no merit to the Appellant's

**1. Wrongful use of civil proceedings**

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) **Arrest or seizure of person or property not required.**—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this sub-chapter.

contention that the Act is being impermissibly applied retroactively.[2]

Next, the Appellant argues that even if the Act applies Appellee failed to allege a cause of action because he failed to set forth with specificity facts supporting an allegation that the Appellant acted without probable cause in initiating the underlying lawsuit. We have reviewed the complaint and are satisfied that the allegations contained therein do not set forth conclusions of law but rather facts upon which the trier of fact could reasonably conclude that the Appellant initiated the underlying lawsuit without probable cause. Therefore, seeing no vitality or validity to either of the Appellant's arguments, the order of the Superior Court must be affirmed.

ORDER AFFIRMED.

McDERMOTT, J., files a concurring opinion.

LARSEN, J., files a dissenting opinion.

McDERMOTT, Justice, concurring.

The pertinent language of the Wrongful Use of Civil Proceedings Act[1] states:

[A] person who takes part in the procurement, initiation or continuation of [wrongful] civil proceedings against another is subject to liability.

42 Pa.C.S. section 8351(a).

In this case, although one could dispute whether a cause of action should lie for the initiation of suit, there is no doubt that appellant continued his suit after the statutory cause of action was enacted. Because of this fact appellant can be subject to liability.

**2.** In support of his position the Appellant relies upon *Ace v. Argonaut Insurance Company*, 307 Pa.Super. 200, 452 A.2d 1384 (1982). In that case, the cause of action accrued one year prior to the effective date of the Act. Therefore, the Act was inapplicable and reliance upon that case is misplaced.

**1.** Act of Dec. 19, 1980, P.L. 1296, No. 232, Section 1.

LARSEN, Justice, dissenting.

I dissent. Under traditional principles of the common law, malicious use of the civil process had to do with the wrongful initiation of that process by the filing of an underlying action. In this case the underlying action was a suit in assumpsit and trespass initiated on March 5, 1979 by the appellant, Maurice A. Nernberg, Jr. (Nernberg) against the appellee, Mario Ludmer (Ludmer). On September 14, 1983, more than four years after commencement, the underlying suit was terminated in favor of Ludmer when this court denied Nernberg's petition for allocatur.

At the time the underlying suit was commenced, the essential elements of an action for malicious use of civil process, as established by the common law, were: (a) that the process was initiated without probable cause and with malice; (b) that there was a seizure or interference with the claimant or claimant's property; and (c) that the underlying suit was terminated in favor of the claimant. *Publix Drug Co. v. Breyer Ice Cream Co.*, 347 Pa. 346, 32 A.2d 413 (1943). Under the common law an action for malicious use of civil process did not arise unless there was an arrest of the person or a seizure of property. *Id.*

After Nernberg filed the underlying lawsuit against Ludmer, and while it was pending, the legislature codified the law pertaining to an action for malicious use of civil process by the enactment of the wrongful use of process statute, 42 Pa.C.S.A. § 8351, effective February 17, 1981. In codifying the law, the legislature specifically eliminated arrest or seizure of the person or property of the claimant as a necessary element of the cause of action. 42 Pa.C.S.A. § 8351(b) Henceforth, an action for wrongful use of civil proceedings may be maintained if the claimant establishes: (a) that the underlying suit was brought in a grossly negligent manner and without probable cause; and (b) the proceedings terminated in favor of the person against whom they were commenced. 42 Pa.C.S.A. § 8351(a)(1) & (2).

There is no dispute that Ludmer's complaint for malicious or wrongful use of the civil process avers a cause of action under the statute, 42 Pa.C.S.A. § 8351. He alleges that the

underlying suit was brought by Nernberg in a grossly negligent manner and without probable cause; and it was terminated in his favor. On the other hand, Ludmer's complaint does not allege an arrest of his person or a seizure of his property, and therefore fails to state a cause of action under the common law.

The majority holds that the statute (42 Pa.C.S.A. § 8351) applies to the facts of this case and that Nernberg's demurrer should be overruled. I disagree and would hold that the common law is controlling, and that the lower court's action in sustaining the demurrer and dismissing Ludmer's complaint was proper.

The majority concludes that since a cause of action for wrongful use of the civil process does not accrue until all of the requirements have been met, the cause of action in this case did not arise until September 14, 1983 when we denied allocatur in the underlying suit. It was then that the underlying suit was terminated in favor of Ludmer. The majority thus, rejects the cogent argument that by applying the requirements of the statute (42 Pa.C.S.A. § 8351) rather than the common law to Ludmer's complaint, an impermissible retroactive application of that statute is being sanctioned. The majority instead holds that the statute is actually being applied prospectively to events occurring in September of 1983. (P. 926). I disagree.

There is no question that we have held: "That a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." *Gehris v. Commonwealth of Pennsylvania, Department of Transportation,* 471 Pa. 210, 369 A.2d 1271, 1273 (1977). This principle, however, does not apply to the facts of the present case. This is simply not a situation where the statute is being applied prospectively even though some of the facts or conditions came into existence before its effective date. Here, prior to the enactment of 42 Pa.C.S.A. § 8351, an essential fact or condition to a cause of action for malicious use of process, namely, an arrest of the person or a seizure of property did not exist as a part of

Nernberg's underlying lawsuit. Thus, no cause of action for malicious use of process could be maintained against Nernberg as a result of his filing the underlying action even though it may eventually terminate in favor of Ludmer.

The statute, (42 Pa.C.S.A. § 8351) in effect, created a new and somewhat different cause of action by eliminating the arrest or seizure requirement as an element of the offense. Thus, a suit initiated in March of 1979 that could not become actionable regardless of an outcome in favor of the defendant, became potentially actionable in February of 1981 and the majority now applies the new standard to past, irreversible conduct which occurred almost two years before the statute became law. That amounts to improper retroactive application of the statute.

The majority is impressed with the fact that the underlying lawsuit was finally terminated on September 14, 1983, more than two years after the effective date of 42 Pa.C.S.A. § 8351. This emphasis on the time of termination is misplaced. Under both the common law and the relevant statute, it is not the event of termination in favor of the person against whom the suit was brought that gives rise to a cause of action. If that were so, then anytime a defendant prevailed in a lawsuit, he would, as a result of the favorable termination, have an action for wrongful use of civil proceedings against the person who sued him. The termination of the lawsuit must be related back to the facts and circumstances existing at the time it was initiated. Thus, if A, as claimant, files suit against B, as defendant, and four years later the case is finally terminated in favor of B, this favorable termination in and of itself does not give rise to a cause of action for malicious or wrongful use of civil process in favor of B. It is necessary, in such a situation, to refer back to the circumstances of the initiation of the suit to determine if a cause of action exists. If at the time the suit was commenced the common law was the prevailing law, as it was in March of 1979, then it is to the requirements of the common law that we must look. Under the common law, if the initiation of a lawsuit involved the lack of probable cause and malice, and an arrest of the

person or a seizure of property, it was those circumstances coupled with termination in favor of the person against whom the suit was brought that gave rise to a cause of action for malicious use of civil process.

When Nernberg filed the underlying lawsuit against Ludmer, the actions he took at that time could not make him subject to a suit for malicious use of civil process even though his suit may terminate in favor of Ludmer. This was true even if he brought the suit with malice.

"[A] mere suit, however malicious or unfounded, cannot be made the ground of an action for damages. If a person be not arrested or his property seized, it is unimportant how futile and unfounded the action may be; as the plaintiff, in consideration of law, is punished by the payment of costs."

*Mayer v. Walter*, 64 Pa. 283 (1870).

Although I believe that the statute (42 Pa.C.S.A. § 8351) eliminating the arrest or seizure requirement as an essential element of the cause of action was wise and long overdue, it, nonetheless, does not apply to the underlying suit in this case which was initiated prior to its enactment.

I would reverse the Order of the Superior Court and reinstate the Order of the lower court sustaining Nernberg's preliminary objections.