**Vinny CLAUSI, Appellant**

v.

**Gregory A. STUCK, Michael Boris, and Joseph Jones, Appellees.**

Superior Court of Pennsylvania.

Argued July 9, 2013.

Filed Aug. 2, 2013.

---

Franklin E. Kepner, Jr., Berwick, for appellant.

Douglas N. Engelman, Williamsport, for Boris and Jones, appellees.

Lauren M. Burnette, Harrisburg, for Stuck, appellee.

BEFORE: MUNDY, J., OLSON, J., and STRASSBURGER, J.*

OPINION BY MUNDY, J.:

Appellant, Vinny Clausi, appeals from the November 2, 2012 order granting the motions for summary judgment filed by Gregory A. Stuck, Esquire (Attorney Stuck), Michael Boris, and Joseph Jones (collectively Appellees), and entering judgment in their favor. After careful review, we affirm.

▮ The trial court summarized the relevant facts and procedural history of this case as follows.

[Appellant] is a Northumberland County Commissioner. [Boris and Jones] were Northumberland County Deputy Sheriffs.

In his complaint, [Appellant] allege[d] that on December 29, 2009, during a public meeting, [Appellant] made various statements regarding the presence of pornography on certain computers located in the Sheriff's Office. [ ] Boris and Jones complained that the statements made by [Appellant] were defamatory to the entire Sheriff's staff, including [ ] Boris and Jones. Shortly after this public meeting, on January 13, 2010, [ ] Boris and Jones were terminated.

[Boris and Jones] retained the legal services of [Attorney] Stuck. [ ] Stuck filed a Writ of Summons on December 30, 2009, against [Appellant] and Northumberland County on behalf of [ ] Boris and Jones and other deputy sheriffs. [Attorney Stuck] then filed a civil complaint on January 13, 2010, against [Appellant] and Northumberland County on behalf of his clients Boris and Jones and

other deputies. The "defamation" [c]omplaint alleged claims for defamation of character and sought money damages and an apology.

Following the filing of the defamation complaint, two of the plaintiffs to that action advised [Attorney] Stuck that they no longer wished to be part of the litigation. Subsequently, additional plaintiffs advised [Attorney] Stuck that they no longer wished to pursue litigation against [Appellant] and Northumberland County, since [Appellant] had purportedly apologized to those parties.

Trial Court Opinion, 11/2/12, at 3–4. Boris and Jones subsequently withdrew the complaint alleging defamation and filed an amended complaint. The amended complaint alleged federal civil rights claims, wrongful termination, and claims under the Whistleblower Act against Appellant and other parties. Attorney Stuck's Preliminary Objections, 3/15/12, Exhibit E, at ¶¶ 30–60.

On March 2, 2010, Appellant filed a civil complaint against Appellees. The complaint pled claims of wrongful use of civil proceedings, abuse of process, and intentional infliction of emotional distress. Boris and Jones filed an answer with new matter on March 23, 2010. Appellant filed a reply to Boris and Jones' answer and new matter on April 19, 2010. Attorney Stuck filed his own answer and new matter on April 21, 2010. On June 16, 2010, Boris and Jones filed a motion to amend their answer to add a cross-claim against Attorney Stuck, which the trial court granted on June 30, 2010. Boris and Jones filed their amended answer, new matter, and cross-claim on July 6, 2010.

On January 30, 2012, Appellant filed a motion to amend his complaint pursuant to Pennsylvania Rule of Civil Procedure 1033,

which the trial court granted on February 1, 2012. Appellant filed his amended complaint on March 2, 2012. That same day, Attorney Stuck filed preliminary objections to Appellant's amended complaint. Boris and Jones filed their own preliminary objections on March 15, 2012. The trial court held a hearing on all of the preliminary objections on May 29, 2012. On June 6, 2012, the trial court entered an order sustaining all of the preliminary objections and struck Appellant's claim for wrongful use of civil proceedings from his complaint.

On July 30, 2012, Attorney Stuck filed a motion for summary judgment. Boris and Jones also filed a motion for summary judgment on August 1, 2012. After briefing, the trial court heard argument on the motions on October 10, 2012. On November 2, 2012, the trial court entered an order, which granted both motions for summary judgment, entered judgment in favor of Appellees on all of Appellant's remaining claims, and dismissed Boris and Jones' cross-claim. On November 20, 2012, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises two issues for our review.

1. [Whether] the trial court erred as a matter of law and/or abused its discretion in granting [Appellees]' demurrer seeking to dismiss [Appellant]'s claim under 42 Pa.C.S.A. [§ ] 8351(a)[?]

2. [Whether] the trial court erred as a matter of law and/or abused its discretion in granting [Appellees]' motion[s] for summary judgment on [Appellant]'s cause-of-action for abuse of process as triable issues of fact and law exist in this matter[?]

---

1. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant's Brief at 5.[2]

■ In his first issue, Appellant avers that the trial court erred in granting Appellees' preliminary objections and dismissing his wrongful use of civil proceedings claim with prejudice. *Id.* at 12–17. We begin by noting our well-settled standard of review.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Conway v. The Cutler Group, Inc.,* 57 A.3d 155, 157–158 (Pa.Super.2012) (citation omitted).

In the instant case, the trial court dismissed Appellant's claim for wrongful use of civil proceedings, also known as a Dragonetti claim. The statute provides, in relevant part, as follows.

### § 8351. Wrongful use of civil proceedings

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

> (2) The proceedings have terminated in favor of the person against whom they are brought.

. . .

42 Pa.C.S.A. § 8351(a). Appellant avers that the underlying proceedings terminated in his favor when Boris and Jones withdrew their original complaint against him alleging defamation. Appellant's brief at 12. Appellees counter that Appellant's Dragonetti claim is premature. Although they acknowledge that the original defamation complaint was withdrawn, Boris and Jones filed an amended complaint alleging various other claims against Appellant and other parties. Attorney Stuck's Brief at 11–12; Boris and Jones' Brief at 12–13. Therefore, in Appellees' view, the underlying lawsuit has not terminated in any sense of the word, much less in Appellant's favor. *Id.*

■ "Generally, when considering the question of 'favorable termination' in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who [sic] the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn." *D'Elia v. Folino,* 933 A.2d 117, 122 (Pa.Super.2007), *appeal denied,* 597 Pa. 706, 948 A.2d 804 (2008), *citing Bannar v. Miller,* 701 A.2d 242, 247 (Pa.Super.1997), *appeal denied,* 555 Pa.

---

**2.** Appellant has not appealed the portion of the judgment pertaining to his claim for intentional infliction of emotional distress. As such, we express no opinion as to that claim.

706, 723 A.2d 1024 (1998). Our Supreme Court has also commented on when a cause of action under the Dragonetti Act has accrued.

> The elements required to successfully pursue a cause of action under the Act are the initiation of a lawsuit without probable cause or in a grossly and negligent manner and a favorable outcome in that lawsuit. Although the initiation of a lawsuit is one element of the cause of action, the cause of action does not accrue until all the requirements have been met which includes obtaining a favorable outcome.

*Ludmer v. Nernberg,* 520 Pa. 218, 553 A.2d 924, 926 (1989). "[A plaintiff]'s [Dragonetti] cause of action d[oes] not accrue until such time as he successfully defeat[s] the [defendant] in his attempts to have the [plaintiff] held legally liable." *Id.* This does not occur until the lawsuit is resolved in the trial court and "is final, meaning that [said resolution] has been upheld by the highest appellate court having jurisdiction over the case or that the [resolution] has not been appealed." *D'Elia, supra, citing Ludmer, supra.*

In the case *sub judice,* the parties agree that Boris and Jones initially filed a complaint against Appellant alleging defamation of character. Appellant's Brief at 12; Attorney Stuck's Brief at 10; Boris and Jones' Brief at 12. However, the parties also agree that Boris and Jones filed an amended complaint. Appellant's Brief at 12; Attorney Stuck's Brief at 13; Boris and Jones' Brief at 14. The amended complaint alleged several new claims against Appellant and other parties including federal civil rights claims, wrongful termination, and claims under the Whistleblower Act. Attorney Stuck's Preliminary Objections, 3/15/12, Exhibit E, at ¶¶ 30–60. Appellant acknowledges that the underlying lawsuit is still pending with regard to those claims. Appellant's Brief at 17. However, Appellant argues that because Boris and Jones specifically withdrew their defamation count, that constitutes a termination in his favor vis-à-vis that claim. *Id.*

We find this argument to be unavailing. Although Boris and Jones did remove one claim from the overall lawsuit, they nevertheless added six more claims and the action is still pending in the trial court. Boris and Jones' "attempts to have [Appellant] held legally liable[ ]" in the underlying case have yet to be "defeated" by Appellant. *Ludmer, supra.* Therefore, we conclude that Appellant's "[Dragonetti] cause of action [has] not accrue[d]...." *Id.; see also D'Elia, supra.* As a result, we further conclude the trial court did not legally err or abuse its discretion when it sustained Appellees' preliminary objections and ordered the Dragonetti claim struck from the Appellant's complaint. *See Conway, supra.*

■ In his second issue, Appellant avers that the trial court erred in granting Appellees' motions for summary judgment as to his abuse of process claim. Appellant's Brief at 18. Our standard of review governing summary judgment motions is well settled.

"[O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary." *Petrina v. Allied Glove Corp.,* 46 A.3d 795, 797–798 (Pa.Super.2012) (citations omitted). "We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Barnes v. Keller,* 62 A.3d 382, 385 (Pa.Super.2012), *citing Erie Ins. Exch. v. Larrimore,* 987 A.2d 732, 736 (Pa.Super.2009) (citation omitted). "Only where there is

no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." *Id.* The rule governing summary judgment has been codified at Pennsylvania Rule of Civil Procedure 1035.2, which states as follows.

**Rule 1035.2. Motion**

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

"Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." *Babb v. Ctr. Cmty. Hosp.,* 47 A.3d 1214, 1223 (Pa.Super.2012) (citations omitted), *appeal denied,* —— Pa. ——, 65 A.3d 412 (2013). Further, "failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Id.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Id., citing Reeser v. NGK N. Am., Inc.,* 14 A.3d 896, 898 (Pa.Super.2011), *quoting Jones v. Levin,* 940 A.2d 451, 452–454 (Pa.Super.2007) (internal citations omitted).

■ Appellant argues that Attorney Stuck filed the writ of summons to commence the action, and then filed the civil complaint for defamation in continuance of that action in order "to extort a public apology from [Appellant], embarrass him and gain publicity for [Attorney Stuck]." Appellant's Brief at 20. Appellees argue, and the trial court concluded, that the underlying lawsuit was primarily about the $50,000.00 sought in monetary damages. Trial Court Opinion, 11/2/12, at 8. This Court has previously described the common law tort of abuse of process as follows.

The tort of "abuse of process" is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. This tort differs from that of [a Dragonetti Claim] in that, in the former, the existence of probable cause to employ the particular process for its intended use is immaterial. The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant,

which is not an authorized goal of the procedure. In support of this claim, the [plaintiff] must show some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . .; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

*Lerner v. Lerner,* 954 A.2d 1229, 1238 (Pa.Super.2008), *quoting Shiner v. Moriarty,* 706 A.2d 1228, 1236 (Pa.Super.1998), *appeal denied,* 556 Pa. 711, 729 A.2d 1130 (1998). In evaluating the primary purpose prong of the tort, "there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." *Al Hamilton Contracting Co. v. Cowder,* 434 Pa.Super. 491, 644 A.2d 188, 192 (1994) (citation omitted).

In the case *sub judice,* as the trial court noted, the original complaint did not solely seek relief in the form of an apology.

. . . [Appellant] contends that a request for an apology was included in the complaint's *ad damnum* clause. . . . [Appellant] fails to acknowledge that [Appellees'] defamation suit *primarily* request[ed] money damages in the sum of not less than fifty thousand ($50,-000.00) dollars [each]. The subsequent inartful request for an apology would [have been] stricken through preliminary objections . . . as would be the case in a myriad of situations where complaints seek non-actionable relief (e.g., baseless punitive damages, baseless attorneys' fees, equitable relief in cases at law, etc.) The crux of the defamation case would remain intact. Seeking damages for defamation is per-

fectly proper and not a perversion of the process.

Trial Court Opinion, 11/2/12, at 8–9 (internal citation and quotation marks omitted). Appellant cites to many places in the discovery materials that show Boris and Jones wanted an apology from Appellant, and even that they felt they were entitled to one. *See* Appellant's Brief at 20.

Q: There is a part in the Complaint about a written apology. Is that something that you asked Mr. Stuck to see if [Appellant] would issue a written apology?

A: He was—I told—I know I said to [Appellant], I said, "I think that we're owed an apology, a public apology, that at least should have been handled in a personnel manner; not in the public."

N.T., Deposition of Joseph Jones, 8/17/10, at 150–151; *accord* N.T., Deposition of Michael Boris, III, 8/17/10, at 135. To this end, Attorney Stuck admitted that he told Kymberley Best, Esquire (Attorney Best), Northumberland County solicitor that if Appellant retracted his statements and apologized, the lawsuit would be withdrawn. N.T., Deposition of Attorney Stuck, 4/7/11, at 31. Additionally, Appellant highlights a point in Attorney Best's deposition in which she describes a meeting with Attorney Stuck after the defamation lawsuit had been initiated.

Q: And he declined to come to your office?

A: He did come to my office. But he didn't—he didn't want to look at anything.

Q: Okay. And it was at that point that you said to him that you're just doing this for publicity?

A: I said what are you doing this for? I said, you know, it's all over the papers. I'm trying to—see, it was in context of I'm trying to keep this out of the papers. My guess is, [Attorney Stuck], you're

trying to get this in the papers. And it's just like conversation between, you know, the two of us, yeah.

Q: Okay. But it's my understanding that he said that there's no such thing as bad—

A: As bad press, he did say that.

N.T., Deposition of Attorney Best, 9/27/11, at 89. However, even viewing these materials in the light most favorable to Appellant they, at most, establish that the underlying complaint was filed "with bad intentions." *Lerner, supra.* Our cases unequivocally state that this is not enough. *See id.* Appellant has not shown that the "crux of the defamation case" was a perversion of the legal process. Stated another way, Appellant has not shown that the **primary** purpose of the underlying lawsuit was to "extort" an apology from him or to seek publicity for Attorney Stuck, rather than seeking the $50,000.00 in alleged monetary damages. *See id.; Cowder, supra.* As a result, we conclude that the trial court did not legally err or abuse its discretion in granting Appellees' motions for summary judgment. *See Petrina, supra.*

Based on the foregoing, we conclude that the trial court properly sustained Appellees' preliminary objections with regard to Appellant's claim under the Dragonetti Act. We further conclude that the trial court properly granted summary judgment to Appellees with regard to Appellant's abuse of process claim. Accordingly, we affirm the November 2, 2012 judgment.

Judgment affirmed.