J-A14027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RX BILLING SERVICES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH FAZIO | |
| | No. 1778 MDA 2015 |

Appeal from the Order Entered September 16, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 15 CV 3669

BEFORE:  BOWES, J., OTT, J., AND PLATT, J.*

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.

**FILED FEBRUARY 17, 2017**

I agree with my distinguished colleagues that the complaint states a claim against Mr. Fazio for abuse of process.  RX Billing Services, Inc. ("RX Billing") alleged that Mr. Fazio filed a baseless lawsuit against the corporation and the individual shareholders to "harass and intimidate them into submitting to his financial demands and/or to cause financial and emotional injury to them", which was a purpose for which such process was not designed.  Consequently, RX Billing incurred attorney's fees and costs defending a baseless lawsuit.

I depart from my colleagues, however, in their refusal to address the trial court's dismissal of the Dragonetti Act claim on the ground that RX

---

* Retired Senior Judge assigned to the Superior Court.

Billing did not raise such a claim in its complaint. The majority points to the absence of a separate Dragonetti count and the familiar Dragonetti terminology in support of that position. Furthermore, the majority suggests that the aforementioned pleading deficiencies may explain why Mr. Fazio filed preliminary objections in the nature of a demurrer only to the abuse of process claim rather than as to both claims. Nonetheless, the parties briefed and argued whether the complaint stated a claim for either an abuse of process or under the Dragonetti Act, and the trial court addressed the viability of both claims. The trial court dismissed the complaint after concluding that it failed to state a cause of action under either theory.

Due to what it characterizes as a "procedural predicament," the majority finds that the viability of the Dragonetti Act claim and whether amendment should have been permitted are issues that do not appear to be properly before us. I disagree. Those issues are squarely before us because the arguments were raised and addressed below and the trial court ruled on them. We should review the trial court's disposition of the Dragonetti claim, which I maintain was sufficiently pled, rather than remand to permit RX Billing to seek permission to file an amended complaint to raise a Dragonetti claim.

The tort of wrongful use of civil process as codified in the Dragonetti Act provides:

(a) Elements of action. A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351. The tort has been characterized as a form of extortion or coercion to obtain an advantage collateral to the proceeding itself. *See In re Larsen*, 616 A.2d 529 (Pa. 1992).

I believe RX Billing pled facts in its complaint that would support relief under the Dragonetti Act. Averments describe the dispute that led up to Mr. Fazio's filing of the underlying lawsuit. RX Billing alleged that the prior lawsuit, which was terminated in RX Billings' favor, was baseless and frivolous and "a malicious effort to harass and intimidate." Complaint, 6/4/12, at ¶14. I submit that allegations of a baseless and frivolous suit, together with averments that the suit was maliciously motivated to harass and intimidate rather than for a proper purpose such as adjudication of a claim, are the legal equivalent of a lack of probable cause. In fact, in the context of wrongful use of civil process claims, malice has been equated with a lack of probable cause. *See Ludmer v. Nernberg*, 553 A.2d 924 (Pa. 1989).

The trial court stated that it was unable to discern from the complaint evidence that demonstrated that Mr. Fazio acted in a grossly negligent manner or without probable cause in the underlying action. In addition, the court found the complaint lacked sufficient facts detailing why the underlying action was dismissed. While conceding that the Dragonetti statute only requires termination in favor of the party against whom the prior action was brought, which was pled, the trial court concluded that "to argue that court dismissal four months after a complaint was filed, and prior to discovery or any other formal proceeding, would permit suit herein is disingenuous." Trial Court Opinion, 9/18/15, at 5. Finally, the trial court characterized the dispute between the parties as a continuing one, and found "the allegations do not rise to the level required by the statute for such a claim." Trial Court Opinion, 9/18/15, at 5.

Since this matter was before the trial court on preliminary objections in the nature of a demurrer, the issue was whether the properly pled facts when deemed to be true, as well as the favorable reasonable inferences drawn therefrom, stated a viable cause of action. In requiring that RX Billing demonstrate at this preliminary stage how Mr. Fazio acted without probable cause in instituting and continuing the underlying action, or detail specifically why the underlying action was dismissed, the trial court applied an incorrect legal standard. While conceding that the Dragonetti statute only requires termination in favor of the party against whom the prior action was

commenced, which was duly pled, the trial court concluded without citing any legal authority that, dismissal of a lawsuit at an early stage does not constitute "termination" as the term is used in § 8351.[1]  I cannot find any legal support for that proposition and the parties do not cite any.  Hence, I would argue that there is no legal basis to support a demurrer.

A demurrer should only be sustained "in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief."  **Feingold v. Hendrzak**, 15 A.3d 937, 941 (Pa.Super. 2011).  For the reasons advanced *supra*, this is not such a case. I would reverse the order sustaining the demurrer and dismissing the action and remand to permit both the abuse of process and Dragonetti claim to proceed.

_____

[1] A withdrawal of proceedings stemming from a compromise or agreement has been held not to constitute a termination favorable to the party against whom the proceedings were brought.  **See D'Elia v. Folino**, 933 A.2d 117 (Pa.Super. 2007).