SIXTH DIVISION

                                         November 7, 1997

   

No. 1-97-0842 

MARSHALL SPIEGEL,                    )  Appeal from the  

                                     )  Circuit Court of

Plaintiff-Appellant,            )  Cook County

                                     )

v.                              )

                                     )

ZURICH INSURANCE COMPANY,            )

STATE FARM INSURANCE COMPANY,        )

CONTINENTAL CASUALTY COMPANY, and    )

EMPLOYERS MUTUAL CASUALTY COMPANY,   )  Honorable 

                                     )  Sheldon Gardner,

Defendants-Appellees.           )  Judge Presiding.  

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:  

Plaintiff Marshall C. Spiegel appeals the trial court's entry of summary judgment against him, finding that coverage in insurance policies for malicious prosecution claims does not include coverage for sanctions imposed by a court.  We affirm.  

In an unrelated federal case, the seventh circuit imposed $34,000 in sanctions against plaintiff pursuant to Rule 38 of the Federal Rules of Appellate Procedure (Fed. R. App. P. 38) for filing a frivolous appeal.  
Spiegel v. Continental Illinois National Bank
, 790 F. 2d 638 (7th Cir. 1986).  Plaintiff, the beneficiary of a trust established by his father, Oscar Spiegel, filed two lawsuits in federal district court against the trustee, Continental Illinois National Bank, and certain employees of the trustee, disputing the propriety of the trustee's management of the trust.  The first lawsuit concluded when the district court granted summary judgment to the defendants and plaintiff did not appeal.  The second lawsuit concluded when the district court dismissed the complaint based partially on 
res
 
judicata
 from the first lawsuit and partially on the failure of the complaint to set forth a claim for mail fraud, as a matter of law.  Plaintiff appealed the dismissal of his second lawsuit.  The seventh circuit affirmed the dismissal of plaintiff's complaint and imposed sanctions against plaintiff under Rule 38 of the Federal Rules of Appellate Procedure (Fed. R. App. P. 38) for filing a frivolous appeal.  
Spiegel
, 790 F.2d 638. 

Plaintiff then tendered claims for the Rule 38 sanctions to the four defendant insurance carriers, 
i.e.
, Zurich Insurance Company (Zurich), State Farm Insurance Company (State Farm), Continental Casualty Company (Continental), and Employers Mutual Casualty Company, based on the policies' coverage for malicious prosecution claims.  There is no dispute that the insurance policies at issue afford coverage for "malicious prosecution" under their coverage for "personal injury."  

When the insurance carriers declined to cover the claims predicated upon the Rule 38 sanctions, plaintiff filed a four-count complaint alleging breach of contract against each insurance carrier.  Plaintiff voluntarily dismissed, without prejudice, defendant Employers Mutual Casualty Company and, therefore, it is not a party in this appeal.  

On November 14, 1996, State Farm filed a motion for summary judgment.  In its motion, State Farm asserted that plaintiff's claim for breach of contract could be resolved as a matter of law because a cause of action for malicious prosecution was not filed against plaintiff and the insurance policies did not provide coverage to plaintiff for these judicially imposed punitive damages.    

On February 5, 1997, the trial court granted summary judgment in favor of State Farm.  The order also noted that the other defendants (Zurich and Continental) "made oral joinders to State Farm's motion."  Accordingly, the trial court also entered summary judgment in favor of the other two defendants. 

On appeal, plaintiff asserts that the trial court erred in entering summary judgment because, as a matter of law, the offense of malicious prosecution is equivalent to the conduct of frivolous litigation for which sanctions were imposed and, therefore, falls within the coverage afforded by the subject insurance policies.  We disagree. 

Our review of a summary judgment ruling is 
de
 
novo
.  
McNamee v. State of Illinois
, 173 Ill. 2d 433, 438 (1996); 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992).  Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  
Outboard Marine
, 154 Ill. 2d at 102.  Where no factual issues are raised on appeal, the sole question on review is whether the trial court's entry of summary judgment is proper as a matter of law.  
McNamee
, 173 Ill. 2d at 438.  

To establish malicious prosecution, the plaintiff must (1)  show that the defendant brought the underlying suit maliciously; (2) show that the defendant brought the underlying suit without probable cause; (3) establish that the former action was terminated in his or her favor; and (4) plead and prove some "special injury" or special damage beyond the usual expense, time or annoyance in defending a lawsuit.  
Cult Awareness Network v. Church of Scientology International
, No. 80868, slip. op. at 4 (September 18, 1997).  

At the time the federal court imposed sanctions against plaintiff, Rule 38 of the Federal Rules of Appellate Procedure provided: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single and double costs to the appellee."  Fed. R. App. P. 38, printed in 28 U.S.C. R. 38 (1988) (amended 1994).   

To apply Rule 38, the federal courts make two determinations.  First, to establish that the appeal was frivolous, the court must determine whether the result of the appeal was obvious or the appellant's argument is wholly without merit.  
Spiegel
, 790 F.2d at 650.  Second, the court must determine whether sanctions are appropriate by looking for "an 'indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy.'"  
Spiegel
, 790 F.2d at 650, quoting 
Reid v. United States
, 715 F.2d 1148, 1155 (7th Cir. 1983).  

To exemplify the elements of Rule 38, plaintiff directs attention to several federal decisions: 
Munoz v. Strahm Farms, Inc.
, 69 F.3d 501 (Fed. Cir. 1995) (sanctions imposed because the appeal was frivolous as filed and as argued); 
Leahy v. Board of Trustees of Community College District No. 508
, 912 F.2d 917 (7th Cir. 1990) (sanctions imposed where the appeal had absolutely no chance of success and was prosecuted out of sheer obstinacy); 
Ruderer v. Fines
, 614 F.2d 1128 (7th Cir. 1980) (the court imposed sanctions 
sua
 
sponte
 in light of the appellant's entire course of conduct over the years and his litigious proclivities); 
Ratcliff v. Texas
, 714 F.2d 24 (5th Cir. 1983) (Rule 38 sanctions were imposed where the appeal was prosecuted for the purpose of harassment or out of sheer obstinacy); 
Depoister v. Mary M. Holloway Foundation
, 36 F.3d 582 (7th Cir. 1994) (no sanctions were imposed where the court found that there was no bad faith in pursuing the appeal).  None of these cases, however, address or compare the tort of malicious prosecution and Rule 38 sanctions.

Applying the law of other states, three federal decisions have compared malicious prosecution with other causes of actions, not with Rule 38 sanctions.  A claim under a Pennsylvania statute for wrongful use of civil proceedings was covered in an insurance policy that included claims for malicious prosecution in 
Northwestern National Casualty Co. v. Century III Chevrolet, Inc.
, 863 F. Supp. 247 (W.D. Pa. 1994).  The district court in 
Northwestern National Casualty
 held that an insurance policy's coverage for claims of malicious prosecution included claims under a Pennsylvania statute for wrongful use of civil proceedings because the statute replaced the common law cause of action for malicious prosecution.  
Northwestern National Casualty
, 863 F. Supp. at 248.  In addition, the court reasoned that any ambiguity in the policy language regarding the scope of coverage should be construed against the insurance company.  
Northwestern National Casualty
, 863 F. Supp. at 248.  In comparing the common law tort of malicious prosecution with the statute for wrongful use of civil proceedings, the court acknowledged that the two causes of action contained some different elements but the difference was "superficial" and ignored the purpose and effect of the statute.  
Northwestern National Casualty
, 863 F. Supp. at 249-50.  Unlike the Pennsylvania law applied in 
Northwestern National Casualty
, Illinois has not replaced the common law tort of malicious prosecution with a statute.    

Applying Wisconsin and Mississippi law, a district court in Wisconsin held that the term "malicious prosecution" in an insurance policy included "abuse of process" in 
Koehring Co. v. American Mutual Liability Insurance Co.
, 564 F. Supp. 303 (E.D. Wis. 1983).  However, the same Wisconsin court subsequently applied Wisconsin law and held that a claim for abuse of process did not come within the coverage of a personal liability policy that specifically covered "malicious prosecution" in 
Heil Co. v. Hartford Accident & Indemnity Co.
, 937 F. Supp. 1355 (E.D. Wis. 1996).  

Moreover, the seventh circuit has recognized a distinction between the two causes of action in 
Smart v. Board of Trustees of University of Illinois
, 34 F.3d 432 (7th Cir. 1994).  "Malicious prosecution" is the bringing of a suit known to be groundless; "abuse of process" is the bringing of a suit that may have solid grounding in law but that the plaintiff has filed not in order to vindicate his legal rights and obtain judgment but in order to harass defendant.  
Smart
, 34 F.3d at 434.    

Illinois law also recognizes and upholds the distinction between the torts of malicious prosecution and abuse of process.  
Arora v. Chui
, 279 Ill. App. 3d 321 (1996).  In 
Arora
, the court enunciated the distinct elements of each tort and separately addressed each tort.  The 
Arora
 court held that the plaintiffs failed to establish a 
prima
 
facie
 case for malicious prosecution based on their failure to prove that the underlying suit was terminated in their favor (
Arora
, 279 Ill. App. 3d at 330) and failed to assert a cause of action for abuse of process because the filing of a 
lis
 
pendens
 notice did not involve the misuse of the process of the court  (
Arora
, 279 Ill. App. 3d at 332).  

In addition, Illinois law recognizes and upholds the distinction between the tort of malicious prosecution and the remedy of pleading-related sanctions available under Illinois Supreme Court Rule 137 (134 Ill. 2d R. 137).  
Levin v. King
, 271 Ill. App. 3d 728, 737 (1995).  The underlying facts in 
Levin
  reveal that the plaintiff initially threatened to pursue litigation to protest a proposed development project in which the defendant land developer had sought financing.  In turn, the defendant then filed an action against the plaintiff for tortious interference with advantageous business relationship.  After a trial, the circuit court directed a verdict against the defendant.  Next, the plaintiff filed 
a malicious prosecution action against the defendant based on the defendant's tortious interference suit.  The trial court granted judgment on the pleadings for the defendant, finding that, as a matter of law, the plaintiff failed to allege the element of special injury necessary to establish a malicious prosecution case.  In affirming the trial court's decision, the appellate court specifically declined to depart from the special injury rule in a malicious prosecution action and reasoned, in pertinent part, that Rule 137 was created by our supreme court as a remedy for suits that are not well grounded in fact or law.  
Levin
, 271 Ill. App. 3d at 737.          

The federal and state courts have clearly adhered to the distinctions between the torts of malicious prosecution and abuse of process.  No cases have been advanced by the parties or found in research that equate malicious prosecution and court-imposed sanctions.  Moreover, plaintiff does not argue, or even suggest, that the term "malicious prosecution" as stated and used in the insurance policies is ambiguous.  Instead, plaintiff seeks to expand the term to graft Rule 38 sanctions onto insurance policies to fit an event that is not mentioned or considered in the policies.   

We find that judicially imposed sanctions are not within the ambit of the term "malicious prosecution" in the subject insurance policies.  The common law tort of malicious prosecution contains significant strictures and rules.  The most recent pronouncement on this tort by the Illinois Supreme Court in 
Cult Awareness Network
 does not change the cause of action or its elements.  
Cult Awareness Network
, No. 80868 (September 18, 1997).  

For the foregoing reasons, we find that a claim of malicious prosecution is not equivalent to sanctions imposed by a court for purposes of insurance coverage, as a matter of law.  Accordingly, we affirm the trial court's order of summary judgment in favor of defendants.  

Affirmed. 

ZWICK and QUINN, JJ., concur.