**Christopher HOLLY, Plaintiff–Appellant,**

v.

**Kenneth BOUDREAU, et al., Defendants–Appellees.**

No. 04–1899.

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.*

Decided June 25, 2004.

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Christopher Holly, Danville, IL, pro se.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

### ORDER

Christopher Holly filed this action under 42 U.S.C. § 1983 against several police officers, prosecutors, public defenders, and witnesses involved in his state prosecution for murder. The district court dismissed the complaint under the screening mechanism of 28 U.S.C. § 1915A, and Holly appeals.

Holly alleges that various irregularities during the investigation that led to the murder charge violated his constitutional rights. He says that in December 1998 he was arrested without probable cause for the murder of Adolfo Garcia and then indicted based upon false testimony. He also complains that he was indicted before the medical examiner completed an autopsy of Garcia. Additionally, Holly alleges that someone (he does not know who) altered a police report of a witness interview in order to implicate Holly in Garcia's death. Holly, though, pleaded guilty to murder and concealing a homicide.

As an initial matter, Holly concedes on appeal that the district court was correct to find his false-arrest claim time-barred. And we agree with the district court that Holly has alleged no constitutional violation with respect to his claim that he was indicted before the completion of the autopsy.

Regarding Holly's allegation about a falsified police report, the district court was unsure of what constitutional violation Holly was proposing but said that if he was suggesting that the report coerced his guilty plea the claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Holly does not clarify the nature of his claim on appeal but argues instead, with support from an outdated case, *Smith v. Springer*, 859 F.2d 31 (7th Cir.1988), that his claim would not be barred by *Heck* because he is seeking only damages and is not directly trying to invalidate his conviction. Holly is correct in his reading of *Smith*, but the Supreme Court decided *Heck* later and rejected our holding in *Smith*. Notably, in *Smith* we relied on dicta from *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), but in *Heck* the Supreme Court recognized and disagreed with that same dicta and held instead that when a claim for damages would necessarily undermine an existing conviction the damages claim is not cognizable until the conviction has been invalidated. *Heck*, 512 U.S. at 481–82, 487. So if Holly is seeking to establish that the altered police report coerced his guilty plea, that claim is barred by *Heck*. Likewise if he claims that his attorneys were ineffective for failing to use that report in some capacity in his defense. (In any event, Holly would have to prove that his attorneys conspired with state actors in order to sue them under § 1983. *See Tower v. Glover*, 467 U.S. 914, 920, 923, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).) If Holly is attempting to litigate a claim for malicious prosecution, he has no constitutional claim. *See Gauger v. Hendle*, 349 F.3d 354, 359 (7th Cir.2004); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.2001). He may have been invoking the court's supplemental jurisdiction and proceeding under state law, but even then the claim would be barred because his murder conviction remains intact. *See Spiegel v. Zurich Ins. Co.*, 293 Ill.App.3d 129, 227 Ill. Dec. 617, 687 N.E.2d 1099, 1100 (Ill.App. Ct.1997); *see also Heck*, 512 U.S. at 484.

Holly also attempted to plead a claim for "abuse of process." He identified no constitutional violation in connection with this claim, so it may be that he intended this also to be a supplemental claim under state law. The district court thought that Holly failed to state a claim for abuse of process. The elements of such a claim are: (1) some act in the use of legal process that is not proper in the regular course of proceedings; and (2) the existence of an ulterior purpose or motive. See *Neurosurgery and Spine Surgery, S.C. v. Goldman,* 339 Ill.App.3d 177, 274 Ill. Dec. 152, 790 N.E.2d 925, 929 (Ill.App.Ct. 2003). Holly has not alleged an improper purpose but rather that the defendants pressed forward with a weak or groundless prosecution. Such a contention really amounts to a malicious-prosecution claim. See *Spiegel,* 227 Ill.Dec. 617, 687 N.E.2d at 1101–02. In addition, on appeal Holly explains that the acts he thinks constituted an abuse of process were the alteration of the police report, the failure to investigate the altered evidence, and the filing of the indictment before the autopsy was performed. The first two do not involve the use of "legal process," *cf. Kirchner v. Greene,* 294 Ill.App.3d 672, 229 Ill.Dec. 171, 691 N.E.2d 107, 117 (Ill.App.Ct.1998) (process is "any means used *by the court* to acquire or exercise jurisdiction over a person" (emphasis in original)), and the filing of an indictment before the autopsy is not an improper act, *see* 725 Ill. Comp. Stat. Ann. 5/112–4(d) (indictment appropriate if nine grand jurors determine that there is probable cause to believe the accused committed the offense). Holly has therefore pleaded himself out of court on any abuse of process claim.

AFFIRMED.