**NORTHWESTERN NATIONAL CASUALTY COMPANY,**
Plaintiff,

v.

**CENTURY III CHEVROLET, INC., a corporation, Francis Auffenberg, Sr., individually, Francis Auffenberg, Jr., individually, John Auffenberg, individually, Gerald N. Spear and Dorothy Spear, his wife, individuals, Shirley Spear, individually and as co-executrix of the Estate of Gerald L. Spear; Shelley Spear Jones, individually and as co-executrix of the Estate of Gerald L. Spear, and Donald G. Spear, individually, Defendants.**

Civ. A. No. 93–0778.

United States District Court,
W.D. Pennsylvania.

Aug. 2, 1994.

Carol Carolla, David A. Damico, Pittsburgh, PA, for plaintiff.

## MEMORANDUM OPINION

LEE, District Judge.

■ Pending before the Court are the cross motions of the parties for summary judgment. The facts are not in dispute. The parties agree the complaint sets forth all relevant information necessary to resolve the dispute, and there are no genuine issues of fact. There being no disputed facts, this case is ready for a decision based on the sole legal question presented: Does an insurance policy's coverage for claims of "malicious prosecution" include claims under Pennsylvania's Dragonetti Act, 42 Pa.C.S.A. Section 8351 for Wrongful Use of Civil Proceedings?

For the reasons infra, the Court holds that malicious prosecution does include claims under Section 8351 for purposes of the insurance coverage because this statutory provision has replaced the common law cause of action for malicious prosecution. Moreover, any ambiguity in the policy language as to the scope of the coverage should be construed against the insurance company which drafted the policy.

### FACTUAL BACKGROUND

Northwestern National Casualty Company ("Northwestern"), a Wisconsin corporation, issued an insurance policy to Century III Chevrolet, Francis Auffenberg, Sr., Francis Auffenberg, Jr., and John Auffenberg (collectively, "the insureds"). The policy was valid from July 8, 1991 through July 8, 1992, and provides, among other things, that Northwestern has a duty to defend and/or indemnify the insureds against a claim for "malicious prosecution."

On October 30, 1991, Gerald N. Spear, Dorothy Spear, Shirley Spear, Shelley Spear Jones, the Estate of Gerald L. Spear, and Donald Spear (collectively, "the Spears"), brought suit in Allegheny County Court of Common Pleas against the insureds, specifically pursuant to 42 Pa.C.S.A. Section 8351, Wrongful Use of Civil Proceedings. Northwestern retained counsel and tendered a defense on behalf of the insureds pursuant to a reservation of rights under the terms and conditions of the insurance policy. Northwestern brought this action, addressed to this Court's diversity jurisdiction, seeking an order declaring that Northwestern does not have a duty to defend and/or indemnify the insureds against the Spears' lawsuit.

### CHOICE OF LAW

■ In diversity cases, the District Court is bound to follow the substantive law of the state in which the Court sits. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Melville v. Am. Home Assurance Co.,* 584 F.2d 1306, 1308 (3d Cir. 1978). The policy was issued in Pennsylvania, Century III conducted business here, and the Auffenbergs did business here. No other state has any contact with the events giving rise to this action. The parties agree that Pennsylvania law applies. Therefore the Court will apply Pennsylvania law.

### DISCUSSION

Northwestern asserts that the common law cause of action for "malicious prosecution" is distinct from and exclusive of the cause of action for "Wrongful Use of Civil Proceedings" under Section 8351 because the elements of the two causes of action are different and because courts have treated the two as distinct causes of action. The insureds assert that "malicious prosecution" can only refer to the statutory cause of action because the Dragonetti Act, 42 Pa.C.S.A. Section 8351, replaced the common law "malicious prosecution" cause of action with the statutory cause of action for "Wrongful Use of Civil Proceedings," and because recent cases have freely interchanged the two terms. The insureds further assert that, in Pennsylvania, any ambiguity in an insurance policy must be interpreted against the insurance company which drafted the policy.

### I. Wrongful Use of Civil Proceedings

The Dragonetti Act provides, in relevant part:

(a) Elements of action.—A person who takes part in the procurement, initiation, or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) Arrest or seizure of person or property not required.—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

42 Pa.C.S.A. § 8351.

## II. Common Law Malicious Prosecution

In the past, a person who was the target of a malicious and unwarranted lawsuit could seek remedy by bringing suit against his accuser under the malicious prosecution cause of action. A plaintiff had a cause of action for malicious prosecution at common law if the defendant had initiated a prosecution against him or her without probable cause and with malice, if the plaintiff had suffered an arrest or seizure of property resulting from the prior proceedings, and if the proceedings had terminated in favor of the plaintiff. *Baird v. Aluminum Seal Co.,* 250 F.2d 595, 600 (3d Cir.1957); *Norcross v. Otis Brothers Co.,* 152 Pa. 481, 25 A. 575 (1893); *DeLeo v. Munley,* 261 Pa.Super. 90, 395 A.2d 957 (1978); *Garcia v. Wall & Ochs, Inc.,* 256 Pa.Super. 74, 75, 389 A.2d 607, 608 (1978).

The Pennsylvania Supreme Court has held the Dragonetti Act replaced the common law malicious prosecution cause of action with the statutory Wrongful Use of Civil Proceedings cause of action. *Ludmer v. Nernberg,* 520 Pa. 218, 222, 553 A.2d 924, 925–26 (1989); *Matter of Larsen,* 532 Pa. 326, 440, 616 A.2d 529, 587 (1992) ("the common law tort of malicious prosecution has been codified and modified as a statutory cause of action. *See* 42 Pa.C.S.A. §§ 8351–8354"); *see also Muirhead v. Zucker,* 726 F.Supp. 613, 617 (W.D.Pa.1989) ("malicious use of process is statutory, 42 Pa.C.S.A. Section 8351, and is often referred to as malicious prosecution"). In *Ludmer,* the Pennsylvania Supreme Court

held that a lawsuit is governed by common law malicious prosecution if the allegedly wrongful lawsuit terminated prior to the date the Dragonetti Act became effective; but if the wrongful suit terminated subsequent to the effective date of the Dragonetti Act, then the Dragonetti Act, not common law, governs. *Ludmer,* 520 Pa. at 222, 553 A.2d at 925–26. Clearly, Section 8351 replaced the common law malicious prosecution cause of action when it became effective.

Northwestern's cited cases supporting the proposition that malicious prosecution continues to be a viable cause of action even after the Dragonetti Act became effective are a mixture of outdated and misinterpreted cases. *See Hugee v. Pennsylvania R.R. Co.,* 376 Pa. 286, 101 A.2d 740 (1954); *Casa DiSardi v. Alpha Motors,* 227 Pa.Super. 415, 323 A.2d 288 (1974); *McGee v. Feege,* 517 Pa. 247, 255, 535 A.2d 1020, 1024 (1987); *Walasavage v. Nationwide Ins. Co.,* 806 F.2d 465 (3d Cir.1986). *Hugee,* decided in 1954, and *Casa DiSardi,* decided in 1974, obviously did not address the effect of the 1980 Dragonetti Act on the "malicious prosecution" common law cause of action. *McGee* was decided under common law rather than Section 8351 because the cause of action arose prior to the effective date of Section 8351. *McGee,* 517 Pa. at 255 n. 8, 535 A.2d at 1024 n. 8. And, while the West headnote in *Walasavage* does state that the Dragonetti Act did not abolish the common law cause of action for "malicious use of civil proceedings", the point actually made by the Third Circuit in *Walasavage* is that the Dragonetti Act modified, rather than abolished, the common law cause of action. *Walasavage,* 806 F.2d at 467. Northwestern cites no cases subsequent to the Dragonetti Act which were explicitly brought under the common law malicious prosecution cause of action, and the Court's research has found no such cases.

Northwestern argues that a malicious prosecution claimant must demonstrate that the defendant acted with malice whereas a Section 8351 claimant need only demonstrate that the defendant was grossly negligent, and a malicious prosecution claimant must suffer an arrest or seizure of property whereas a Section 8351 claimant need not. This argu-

ment that malicious prosecution is different from Section 8351 because the two have different elements is correct but superficial, and ignores the purpose and effect of the Dragonetti Act.

The legislative history of the Dragonetti Act discloses that the primary purpose of the Act was to abolish the English common law rule requiring seizure or arrest as an element of the malicious prosecution cause of action. Remarks of Representatives Kukovich, Spitz, and Spencer, 70 *Pa.Legislative Journal (House)* at 2634–2636 (November 19, 1980). A secondary purpose was to replace the common law requirement of malice with a requirement of gross negligence.[1] It is apparent that the legislature's purpose was to replace the common law cause of action with a new and broader cause of action, not to create an alternative to the common law cause of action. It is highly unlikely that the insureds would have believed they were acquiring insurance coverage for the narrower cause of action that essentially had been repealed and replaced in 1980.

### III. Contra Proferentem

Even if Northwestern's interpretation of "malicious prosecution" was plausible, the rule of *contra proferentem* requires the court to hold for the insureds as long as there is also merit to the insureds' interpretation. If an insurance policy is susceptible to different interpretations, the interpretation that is most favorable to the insureds will be adopted. *Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1257 (3d Cir.1993) (Pennsylvania insurance plan containing ambiguous language regarding insurer's discretion to determine eligibility for benefits was construed against insurer); *Steele v. Statesman Ins. Co.*, 530 Pa. 190, 192, 607 A.2d 742, 743 (1992) (insurance policy excluding coverage for "earth movement" damages was interpreted to only exclude damages from earth movement resulting from natural events); *Standard Venetian Blind Co. v. Am. Empire Ins.*

Co., 503 Pa. 300, 305, 469 A.2d 563, 566 (1983) ("where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer"); *O'Donnell v. Independent Life & Accident Ins. Co.*, 229 Pa.Super. 259, 261–62, 323 A.2d 387, 388 (1974) (insurance coverage for accidents involving any driver with a "valid and proper driver's license" was interpreted to include a driver with a learner's permit). This rule recognizes that "the insurer should be expected to set forth any limitation on its liability clearly enough for a layperson to understand; if it fails to do this, it should not be allowed to take advantage of the very ambiguities it could have prevented with more diligence." *Heasley*, 2 F.3d at 1257 (quoting *Kunin v. Benefit Trust Life Ins.*, 910 F.2d 534, 540 (9th Cir.1990)). Moreover, *contra proferentem* applies even if the insured is a commercial or business entity and, therefore, presumably knowledgeable about contract law or legal terminology. *AC and S, Inc. v. Aetna Casualty and Surety Co.*, 764 F.2d 968, 973 (3d Cir.1985) (insurance policy of Pennsylvania commercial insulation installer was construed against insurer).

Clearly, the insureds' interpretation of "malicious prosecution" is at least reasonable. Pennsylvania courts have repeatedly held that the term "malicious prosecution" refers to claims under Section 8351. *Ludmer*, 520 Pa. at 222, 553 A.2d at 925–26; *Larsen*, 532 Pa. at 440, 616 A.2d at 587; *Muirhead*, 726 F.Supp. at 617. Given this precedent, a prospective policy holder would hardly be expected to recognize that "malicious prosecution" might be limited to the common law cause of action rather than the Section 8351 cause of action.

The policy drafter bears the burden to be clear in wording the policy. If Northwestern had intended to limit coverage to claims of common law malicious prosecution, it was Northwestern's responsibility to specify "common law malicious prosecution, not including statutory actions under 42 Pa.C.S.A.

---

1. However, some members of the legislature argued that in civil suits there is no practical difference between malice and gross negligence, Remarks of Representative Spencer 70 *Pa.Legislative Journal (House)* at 2634–35 (November 19, 1980). Furthermore, malice is arguably implicit in the other elements of Section 8351. *Larsen*, 532 Pa. at 440, 616 A.2d at 587 ("malice may be inferred from the absence of probable cause"); *but see Baird v. Aluminum Seal*, 250 F.2d at 600 (malice and absence of probable cause are not synonymous).

Section 8351." In the absence of such language, the ambiguity in the policy will be construed in favor of the insureds. *Heasley,* 2 F.3d at 1257; *Steele,* 530 Pa. at 192, 607 A.2d at 743; *O'Donnell,* 229 Pa.Super. at 261–62, 323 A.2d at 388; *AC and S,* 764 F.2d at 973 (insurance coverage for "bodily injury" construed to include exposure to asbestos, exposure-in-residence, and manifestation of asbestos-related disease).

Northwestern's motion for summary judgment will be denied with prejudice, and the defendants' motion for summary judgment will be granted.