**DON POST STUDIOS, INC., et.al., Plaintiffs,**

v.

**CINEMA SECRETS, INC., Defendant.**

**No. CIV.A. 99–5731.**

United States District Court, E.D. Pennsylvania.

June 19, 2001.

Steven L. Friedman, Dilworth, Paxson, LLP, Thomas P. Bracaglia, Kelly, McLaughlin & Foster, Evelyn H. Mc Conathy, Dilworth Paxson, Philadelphia, PA, for plaintiffs.

Karol A. Kepchar, Ronald L. Panitch, Panitch, Schwarze, Jacobs & Nadel, Philadelphia, PA, John E. Kelly, Kelly Bauersfeld Lowry & Kelley, Woodland Hills, CA, Ernest E. Price, Brett M. Middleton, Ropers, Majeski, Kohn & Bentley, Los Angeles, CA, Diane E. Brehm, Elke F. Suber, Akin, Gump, Strauss, Hauer & Feld, LLP, Philadelphia, PA, for defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the court is defendant's motion for attorneys fees and consolidated motion for attorneys fees, collection on injunction bond, and assessment of damages. *See* doc. no. 94. For foregoing reasons, defendant's motion is granted.

Following a consolidated hearing on the merits of the case under to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the court issued a memorandum, subsequently amended on December 1, 2000, finding in favor of defendant on plaintiffs' copyright and trade dress infringement claims, and further finding that plaintiffs did not have a valid copyright in its product "Don Post the Mask" ("DPTM"). *See Don Post Studios, Inc. v. Cinema Secrets, Inc.,* 124 F.Supp.2d 311, 320 (E.D.Pa.2000). Pursuant to these findings, the court dissolved the injunction that was in place barring defendant from selling their competing product, a licensed Michael Myers mask.[1] The court must now determine if defendant is entitled to: (1) attorneys fees and costs; (2) collect on the injunction bond posted by plaintiffs; and/or (3) collect damages in excess of the amount of the injunction bond.

■ Under § 505 of the Copyright Act, the court has the discretion to award attorneys fees and costs to a prevailing party in a claim brought under the Copyright Act. *See* 17 U.S.C. § 505. In this case, defendant is the prevailing party be-

---

1. Michael Myers is the name of the serial killer portrayed in the film *Halloween* (Compass Int'l Pictures, Inc.1978). *See Don Post,* 124 F.Supp.2d at 312 n. 1.

cause the court rejected plaintiffs' copyright and trade dress infringement claims, and found that plaintiffs' copyright in DPTM was invalid. *See* Am.Mem. (doc. no. 92) at 23. The question becomes whether the court should exercise its discretion to award attorneys fees and costs under the circumstances of this case. The Supreme Court has endorsed the Third Circuit's articulation of nonexclusive factors that courts should apply in determining whether an award of attorneys fees and costs is appropriate. "These factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 535 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (quoting *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (3d Cir.1986)).

Plaintiffs argue that applying these factors to this case dictates that the court deny defendant's request for attorneys fees and costs. They point to the fact that the court granted plaintiffs an injunction that prohibited defendant from selling its mask, and reason that the court's decision in granting the injunction demonstrates that plaintiffs had a colorable, although ultimately unsuccessful, claim against defendant. Plaintiffs' argument ignores the reality that the injunctive relief was predicated on allegations which plaintiffs knew at the time to be false. Therefore, the issuance of the injunction does not show that plaintiffs initially had a valid case.

After trial, the court found that plaintiffs knew at the time that they filed their complaint that: (1) Don Post had hired a sculptor, Neil Surges, to essentially recreate the mask that Don Post Studios had prepared for the film *Halloween* to which Don Post Studios did not hold the copyright, *see* Am.Mem. (doc. no. 92) at 6; (2) Don Post Studios had subsequently marketed the end product of Surges's efforts, DPTM, in a manner suggesting a connection between DPTM and the film, *see id.* at 14; and (3) plaintiffs had not disclosed to the Copyright Office that DPTM was a derivative work, despite the fact that plaintiffs had previously submitted an application to the Copyright Office for DPTM that indicated that DPTM was in fact a derivative work, *see id.* at 8. In addition, it is apparent that by filing suit plaintiffs used the legal process to gain an advantage in the marketplace over their competitor. Given plaintiffs' prevarications, the court must conclude that plaintiffs' suit was frivolous, objectively unreasonable, and brought for an improper purpose.

The court further finds that an award of attorneys fees and costs will serve sound public policy. One, such an award will deter plaintiffs and others from filing frivolous or objectively unreasonable claims; and two, it would encourage victims of baseless claims of copyright infringement to defend their legal positions.[2] Accordingly, defendant is entitled to reimbursement from plaintiffs for its attorneys fees and costs under § 505 of the Copyright Act.

■ Defendant also seeks to collect on the injunction bond, and to seek damages in excess of the bond. Under Rule 65(c) of the Federal Rules of Civil Procedure, a party seeking an injunction must give a

---

2. The court notes that plaintiffs increased the costs of this litigation by filing the suit in the Eastern District of Pennsylvania, rather than in California, where both Don Post Studios and Cinema Secrets are located.

security "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed.R.Civ.Pro. 65(c). In this case, defendant has been wrongfully enjoined from marketing its Michael Myers mask, and thus is entitled to those damages arising from the wrongful enjoinment.

■ Defendant also seeks damages in excess of the amount of the bond. As a general rule, the damages of a party that has been wrongfully enjoined are capped at the amount of the bond. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 804 (3d Cir.1989) ("It is generally settled that, with rare exceptions, a defendant wrongfully enjoined has recourse only against the bond.").[3] In *Instant Air Freight,* however, the Third Circuit stated that there are certain "rare exceptions" to the rule that a wrongfully enjoined defendant may not recover damages in excess of the posted bond. *Instant Air Freight,* 882 F.2d at 804. The court did not elaborate on that statement other than to note its holding in *United States Steel* that a wrongfully enjoined party to a labor dispute may recover damages in excess of the posted bond. *See id.* at 805 n. 9. Therefore, it is unclear under what circumstances, if any, the Third Circuit would permit a wrongfully enjoined party to recover damages in excess of the bond in cases that do not involve labor disputes.

The Seventh and Tenth Circuits permit recovery in excess of the bond where the party seeking the injunctive relief acted in bad faith. *See Coyne–Delany Co., Inc. v. Capital Development Board,* 717 F.2d 385, (7th Cir.1983) ("[T]he bond is the limit of the damages the defendant can obtain for a wrongful injunction, even from the plaintiff, provided the plaintiff was acting in good faith."); *Adolph Coors Co. v. A & S Wholesalers, Inc.,* 561 F.2d 807, 813 (10th Cir.1977) ("[A]bsent proof of malice in obtaining injunctive relief, a party cannot be liable in damages resulting from a wrongfully or erroneously granted injunction beyond the limits or maximum amount of the bond or bonds."). *See also Can Am Indus., Inc. v. Firestone Tire & Rubber Co.,* 631 F.Supp. 1180, 1185 (C.D.Ill.1986) (requiring proof of malice for wrongfully enjoined party to recover in excess of posted bond). This rule is based on the rationale that an injunction bond "is in the nature of a contract," *Tullock v. Mulvane,* 184 U.S. 497, 516, 22 S.Ct. 372, 46 L.Ed. 657 (1902), between the party seeking the injunctive relief and the court that in effect sets the " 'price' of a wrongful injunction." Note, *Recovery for Wrongful Interlocutory Injunctions Under Rule 65(c),* 99 Harv. L.Rev. 828, 833 (1986). It follows, therefore, that the party who obtained the injunction in bad faith, i.e., entered into the "contract" for tortious reasons, should not be entitled to enjoy the benefits of a ceiling on damages based on the "contract."

In this case, plaintiffs filed a frivolous, objectively unreasonable lawsuit and sought an injunction on the basis of a copyright that plaintiffs knew to be invalid

---

3. Defendant contends that the Third Circuit's pronouncement in *Instant Air Freight* is mere dicta, and that its prior holding in *United States Steel Corp. v. United Mine Workers,* 456 F.2d 483, 492 (3d Cir.1972), dictates that no such cap on damages arising from a wrongful injunction applies. As the Third Circuit noted in *Instant Air Freight,* however, its holding in *United States Steel* was "specifically limited to labor disputes...." *Instant Air Freight,* 882 F.2d at 805 n. 9. As the instant case does not involve a labor dispute, the holding in *United States Steel* does not apply to this case.

in order to gain a marketplace advantage over their competitor. Accordingly, the court finds that plaintiffs acted in bad faith, and under the persuasive reasoning of the Seventh and Tenth Circuits, plaintiff, as the tortfeasor who wrongfully enjoined defendant, will not be permitted to cap its damages to the extent of the posted bond.[4]

■ For the reasons stated above, defendant's consolidated motion for attorneys fees, collection on the injunction bond, and assessment of damages is granted.[5]

4. There is a split of authority as to whether in order to recover from a party who obtained an injunction while acting in bad faith, the wrongfully enjoined party needs to claim that the party cited for the wrongful conduct's actions amounts to malicious prosecution. *Compare Buddy Sys., Inc. v. Exer–Genie, Inc.,* 545 F.2d 1164, 1167–68 (requiring that the wrongfully enjoined party sue for malicious prosecution) (9th Cir.1976) *with Coyne–Delany,* 717 F.2d at 393 (containing no suggestion that a claim of malicious prosecution is required), *and Adolph Coors* 561 F.2d at 813 (same). Although the requirement that the wrongfully enjoined party state a claim for malicious prosecution appears to be a talismanic formality, this court granted defendant leave to amend their counterclaim to state a claim under Pennsylvania's statutory version of common law malicious prosecution, 42 Pa. Cons.Stat. § 8351, *see Northwestern Nat'l Cas. Co. v. Century III Chevrolet, Inc.,* 863 F.Supp. 247 (W.D.Pa.1994) (discussing how § 8351 provides a statutory cause of action that mod-

ifies and replaces the common law cause of action for malicious prosecution), and the defendant has done so. *See* doc. nos. 99 & 100. Although plaintiffs were given leave to respond to the amended counterclaim, they have not done so. Regardless, given that the court's holding is grounded on the finding of bad faith and not on the pleading requirement set forth in *Buddy Sys., Inc. v. Exer–Genie, Inc.,* that the party who claims it has been wrongfully enjoined must state a claim for malicious prosecution in order to recover damages in excess of the injunction bond, plaintiffs' failure to move to dismiss the malicious prosecution claim is of no moment.

5. A hearing will be held to consider the amount of damages suffered by defendant in this case. In determining the amount of damages, the court will also consider evidence that plaintiffs have been unjustly enriched as a result of defendant being enjoined from selling its mask in competition with plaintiffs' mask.