J-S14039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN AND LOIS KEARNEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| MILLERS CAPITAL INSURANCE COMPANY, | |
| Appellee | No. 1359 MDA 2015 |

Appeal from the Judgment Entered July 2, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 14 CV 7406

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MARCH 03, 2016**

Appellants John and Lois Kearney, husband and wife, t/a Kearney Real Estate Co.,[1] appeal from the judgment entered by the Court of Common Pleas of Lackawanna County sustaining the preliminary objections of Appellee Millers Capital Insurance ("Millers") and dismissing Appellants' cause of action sounding in breach of contract and bad faith.  Herein, Appellants contend that the lower court improperly considered evidence outside of the complaint to dispose of legal issues raised in the preliminary objections.  Admitting all material facts averred in the complaint and

_____

[1] In their Notice of Appeal filed in this Court, Appellants appealed in the name of "John Kearney and Lois Kearney, husband and wife, t/a Kearney Real Estate Co," consistent with their captioned party name in the action filed in the Court of Common Pleas of Lackawanna County.

_____

*Former Justice specially assigned to the Superior Court.

attached exhibits as true, as we must under our standard of review, we discern error with the order granting preliminary objections and dismissing the action. We, therefore, vacate and remand.

By way of background, we glean the following pertinent facts from Appellants' civil complaint and attached exhibits filed on December 5, 2014. On or about November 5, 2013, a windstorm sheared a large limb from a tree located on Appellants' premises, Keystone Business Center at 2 Keystone Industrial Park, causing significant damage to a maintenance structure located below. The structure was owned, installed, and used by a closely-related commercial Lessee—John P. Kearney & Associates, Inc., an electrical contracting company—leasing space at the Keystone Business Center.

Appellants, named insureds under a Millers commercial liability umbrella policy ("the policy") covering the office complex at Keystone Business Center, filed a claim of loss implicating the Keystone Business Center as the covered premises. Millers denied the claim, however, purportedly because Appellants neither owned the damaged structure nor stood as lessor in the lease agreement with Lessee.[2] Millers' refusal to cover the loss has forced Appellants to pay all relevant repair and replacement

---

[2] The lease agreement, a copy of which was attached to the complaint, inconsistently described the lessor as "Keystone Business Center" at the outset but "Kearney Real Estate Co." as the party signator.

costs and to assume responsibility for additional, future costs relating to Lessee's resultant loss of business. Appellants subsequently instituted the present action.

Millers filed preliminary objections that the complaint described an uncovered loss given Appellants' lack of ownership interest in the damaged maintenance structure and the absence of facts otherwise allowing for coverage of third-party property losses under the policy. In its memorandum in support of preliminary objections, Millers expounded that the cloth maintenance structure could not qualify for coverage as part of Appellants' building because it was clearly distinct from the "joisted masonry" Keystone Business Center building described in the declarations page of the policy. Nor did the complaint implicate policy provisions extending coverage to certain third-party personal property, Millers continued. Required to ultimately secure such coverage would be proof that Appellants exercised care, custody or control of Lessee's structure, which, in turn, was situated within 100 feet of the covered premises, Millers maintained. Appellants could make no such showing, Millers posited, where their complaint admitted they had no ownership or use interest in the structure and, in any event, failed to allege the structure was within 100 feet of the Keystone Business Center.

The lower court granted preliminary objections and, in so doing, dismissed Appellants' claims by adoption of the factual allegations and corresponding arguments raised in Millers' supporting memorandum:

> [Appellants] state that they have set forth a valid breach of contract claim, and refer to Millers' claims in support of their demurrer as "defenses" to a lawsuit and not reasons to grant this Preliminary Objection. The Court disagrees. What [Millers] has argued, with factual support, is that the damaged property is not covered under the policy. It has pointed out policy specifics and set forth precisely what, and what is not, covered under this insurance policy. Millers has demonstrated convincingly that coverage did not extend to this maintenance shed. Since the maintenance shed for which [Appellants] filed a first party claim is not their property and is not covered under any of the provisions of the Building and Personal Property Coverage Form, we find that [Appellants'] claim for breach of contract arising from the denial of their claim is insufficient as a matter of law because it is clear that no provision of the insurance contract was breached.
>
> ***
>
> A demurrer is to be sustained when it is clear with no doubt that no claim has been asserted for which relief can be granted. In this instance, Millers has shown with no doubt that a valid claim has not been asserted in the Complaint, and this has not been effectively countered or contradicted by [Appellants].

Lower Court Memorandum and Order, filed July 2, 2015, at 3. Appellants timely appealed from this order.[3]

Appellants ask this Court to consider whether the trial court erred in granting Millers' preliminary objections and dismissing the complaint in this matter. Appellants' brief at 2. Our standard of review of an appeal from an order granting preliminary objections in the nature of a demurrer is well-settled:

_____

[3] Appellants timely filed with the trial court a motion for reconsideration, but the trial court took no action on the motion within the 30-day time for appeal.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Clausi v. Stuck*, 74 A.3d 242, 246 (Pa.Super. 2013) (quoting *Conway v. The Cutler Group, Inc.*, 57 A.3d 155, 157–158 (Pa.Super. 2012) (citation omitted)). Moreover, in the insurance context, "the factual allegations of the complaint are taken to be true and the complaint is to be liberally construed with all doubts as to whether the claims may fall within the coverage of the policy to be resolved in favor of the insured." *Unionamerica Insurance Co. Ltd. v. J.B. Johnson*, 806 A.2d 431, 434 (Pa.Super. 2002).

Close examination of the Appellants' complaint and exhibits reveals the following averments: Appellants owned the Keystone Business Center (¶ 3); the office building complex at Keystone Business Center was covered under an insurance policy issued by Millers (¶ 10, 11); Lessee, a third-party commercial tenant, occupied part of the Keystone Business Center (¶ 4); a windstorm caused a limb to break off a tree located on Appellants' property and fall onto a maintenance structure that Lessee owned and had placed on the leased grounds (Exhibit A ¶ 1.h., ¶ 10); the Keystone Business Center was "the property in issue" with respect to a general liability claim seeking

- 5 -

payment for losses incurred as a result of damage to Lessee's maintenance structure (¶¶ 9, 10); and Appellants have been forced to expend large sums of money in repair, maintenance and replacement costs and will incur even more costs in the future in light of Millers' refusal to provide an insurance award for the claim (¶ 19).

Millers reiterates the position it took in its preliminary objections that the insurance policy itself, attached as Exhibit B to the complaint, provides a definition of "Covered Property" that clearly excludes the maintenance structure as described in the complaint. The policy provides the following with respect to "Covered Property":

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**\*\*\***

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from an Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage part, means the type of property described in this Section, **A.1**, . . . .

a. **Building**, meaning the building or structure described in the Declarations, . . . .

b. **Your Business Personal Property** located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, consisting of the following . . .:
   **(1)** Furniture and fixtures;

**(2)** Machinery and equipment;
**(3)** "Stock";
**(4)** All other personal property owned by you and used in your business;
. . .

**c. Personal Property of Others** that is:

**(1)** In your care, custody or control; and
**(2)** Located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.

****

Complaint, filed 12/5/14, Exhibit A at pp. 1 of 14, 2 of 14; R.R. at 062a-063a.

Millers argues that the maintenance structure cannot qualify for section A.1.a. coverage because its cloth construction differs fundamentally from the "joisted masonry" construction of the covered "building" described in the Declarations page. Section A.1.b. provides no coverage where the complaint alleges that Lessee, not Appellants, owns the structure, Millers continues. Nor does section A.1.c. pertain because Appellants "never alleged that it [structure] was in their own care, custody or control," Millers argues. Instead, by admitting that Lessee exclusively owned and used the structure, Millers maintains, Appellants precluded any possibility of proving the structure was committed to their "care, custody or control" as required under the policy.

When viewed in light of the standard governing review of preliminary objections, this case was hardly free and clear from doubt. Initially, we

agree with Appellants that the limited and general descriptions of the maintenance structure appearing in both the complaint and the attached lease agreement, respectively, did not take the structure outside the scope of A.1.a coverage for a "building" as a matter of law. It may be that Millers' description of the structure as a cloth maintenance shed comprising a construction kind and quality different from the buildings described on the policy's declarations page will eventually prove accurate, but neither the complaint nor its attached exhibits substantiated this difference. As such, the lower court exceeded the proper scope of review in relying upon novel information alleged in Millers' memorandum to decide the sufficiency of averments and facts pled by Appellants.[4]

Furthermore, we find in Appellants' complaint and attachments the averment of material facts creating at least the possibility that their insurance claim qualified for coverage under section A.1.c. of the policy. The complaint sufficiently addressed the "personal property of others" element of

_____

[4] In this regard, we deem inapposite Millers' reliance on **Ryan Homes, Inc. v. Home Indemnity Company**, 647 A.2d 939, 940 (Pa.Super. 1994) as bearing on our review of an order granting preliminary objections, for **Ryan Homes, Inc.** involves review of an order granting a motion for summary judgment. It is well-settled that "[w]hen reviewing preliminary objections the trial court looks to the pleadings, but, in considering a motion for summary judgment the trial court weighs the pleadings, depositions, answers to interrogatories, admissions and affidavits." **Abbott v. Anchor Glass Container Corp.**, 758 A.2d 1219, 1223 (Pa.Super. 2000) (quoting **Rosenfield v. Pennsylvania Automobile Ins. Plan**, 636 A.2d 1138, 1142 (Pa.Super. 1994).

- 8 -

A.1.c. by alleging Lessee owned the structure and placed it on leased grounds.[5] As to the "care, custody or control" element of A.1.c., the averments alleged plainly that Appellants "have been forced to expend large sums of money in repair, maintenance and replacement costs" as a result of the damage sustained to the maintenance structure. A reasonable inference arises from such expenditures that Appellants owed and acted upon a duty of care, custody or control with respect to the maintenance structure.

Finally, the complaint and attached exhibits raised a question of material fact as to whether the maintenance structure was located within 100 feet of the described premises as required by section A.1.c. The complaint attributes the claimed loss to a limb falling from a tree located on insured property, allowing for a reasonable inference that the structure situated below the limb was within 100 feet of said insured property. The lease agreement, moreover, describes the 2,550 square foot area containing the maintenance structure as representing part of Appellants' "premises" at the Keystone Business Center. Finally, the insurance policy describes the insured property as a vast, 51,300 square foot office complex at the same

_____

[5] There appears to be at least a possibility that the structure Lessee owned, used, and placed at the site qualifies as "personal property" under the policy. On this question, the broad description of "personal property" appearing in section A.1.b., *supra*, and presenting a non-exhaustive list including, *inter alia*, fixtures, equipment, machinery, and all other personal property owned and used in one's business is salutary in construing the same term, "personal property," as it appears in section A.1.c.

address, creating a reasonable inference that the grounds upon which the tree and structure stood were covered premises under the policy. This collection of averments and exhibits sufficed to preclude a determination that Appellants could not, as a matter of law, obtain relief under section A.1.c. based on the pleadings they filed.

As noted above, the test for sustaining preliminary objections is whether it is clear and free from doubt, given all facts pleaded, that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Clausi*, *supra*. This test was not met, for Appellants' complaint and exhibits set forth facts and averments that would appear to permit recovery under the insurance policy if ultimately supported by a fully developed factual record. Accordingly, deeming the complaint sufficient to withstand Millers' preliminary objections, we vacate the order entered below and remand for proceedings consistent with this decision.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/2016