NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2470
_____

WESTMINSTER AMERICAN INSURANCE COMPANY

v.

SPRUCE 1530, LLC; AL SHAPIRO,
                                                    Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-00539)
District Judge: Honorable Nitza I. Quinones Alejandro
_____

Argued on January 21, 2021

Before: HARDIMAN, ROTH, *Circuit Judges*, and PRATTER,[*] *District Judge*.

(Filed: March 18, 2021)

E. David Chanin [Argued]
Paul G. Gagne
Kleinbard
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
*Counsel for Appellants*

---

[*] The Honorable Gene E.K. Pratter, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

William T. Salzer [Argued]
Swartz Campbell
One Liberty Place
1650 Market Street, 38th Floor
Philadelphia, PA 19103
*Counsel for Appellee*

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

This appeal involves an insurance coverage dispute. Spruce 1530, LLC and its managing principal member, Al Shapiro, appeal a summary judgment for their insurer, Westminster American Insurance Company. The District Court held Westminster had no duty to defend Spruce 1530 or Shapiro (collectively, Spruce) in a state-court lawsuit. Because recovery is unavailable on claims covered by Westminster's policy, we will affirm the District Court's judgment.

I

Spruce owns an apartment building a few blocks from Rittenhouse Square in Philadelphia. In 2015, Spruce had a boundary dispute with owners of a neighboring apartment building called The Touraine that caused the parties to sue each other in separate cases. After Touraine, L.P. obtained a judgment, Touraine sued Spruce in tort

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

(the Underlying Action).[1] Count I alleged malicious prosecution under the Dragonetti Act, 42 PA. CONS. STAT. § 8351, and Count II alleged abuse of process. For months, Touraine and Spruce filed dueling rounds of amendments and preliminary objections. The state court sustained Spruce's preliminary objection and dismissed with prejudice the malicious prosecution count, but it overruled the preliminary objection to the abuse of process count. One month later, Spruce filed its answer on the abuse of process count.

Only after months of litigation in the Underlying Action did Spruce notify Westminster of the suit and ask it to defend the case. Westminster responded by filing a declaratory judgment action in the District Court, arguing it had no duty to defend. The District Court, sitting in diversity, granted Westminster's motion for summary judgment. Spruce timely appealed.

## II

The parties agree Pennsylvania law applies here. "An insurer's duty to defend arises when a potentially covered claim becomes apparent to the insurer . . . ." *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 532 (Pa. 2010); *accord id.* at 541–42. That duty to defend continues "until it is clear" that recovery "has been narrowed to one beyond the terms of the policy." *Unionamerica Ins. Co. v. J.B. Johnson*, 806 A.2d 431, 434 (Pa. Super. Ct. 2002); *accord Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987). So the duty to defend rises and falls with the

---

[1] *See Touraine, L.P. v. Spruce 1530, LLC*, No. 1706-03620 (Pa. C.P. Phila. Cnty. filed June 30, 2017).

3

possibility of recovery on a covered claim in the suit. *See Casper v. Am. Guarantee & Liab. Ins. Co.*, 184 A.2d 247, 249 (Pa. 1962).[2]

The insurance policy language at issue here ("Coverage P") states that Westminster has a duty to defend and indemnify Spruce in litigation arising out of "personal and advertising injur[ies]," App. 156, including "malicious prosecution." Coverage P does not, however, mention abuse of process. App. 145–46. So Westminster had a duty to defend if, when it was notified, Touraine's suit included a malicious prosecution claim that could have sustained a recovery. On the other hand, Westminster had no duty to defend if, by the time it was notified "it was clear" that recovery was unavailable under "the terms of the policy." *See Unionamerica*, 806 A.2d at 434.

In Pennsylvania, preliminary objections are "sustained only in cases [where] it is *clear and free from doubt* that the [plaintiff] will be unable to prove facts legally sufficient to establish the right to relief." *Freundlich & Littman LLC v. Feierstein*, 157 A.3d 526, 530 (Pa. Super. Ct. 2017) (emphasis added); *accord Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020). After Spruce's preliminary objection was sustained, Touraine's complaint could no longer support recovery for malicious prosecution. *See Casper*, 184 A.2d at 250. The dismissal with prejudice made "clear"

---

[2] *Casper* relied on Chief Judge Learned Hand's analysis in *Lee v. Aetna Casualty & Surety Co.*: amid "the plasticity of modern pleading," the duty to defend lasts only as long as it is possible the injury is within the policy. 178 F.2d 750, 752–53 (2d Cir. 1949).

recovery "ha[d] been narrowed . . . beyond the terms of the policy." *See Unionamerica*, 806 A.2d at 434. So we hold that Westminster had no duty to defend.

## III

Spruce's three arguments to the contrary are unpersuasive.

## A

Spruce insists the malicious prosecution claim is still live. First, it argues the abuse of process count contains a malicious prosecution claim because it (1) incorporates all the complaint's preceding averments; and (2) includes averments that constitute a potential malicious prosecution claim. But as we have explained, the duty to defend exists until it is clear that recovery on a covered claim is precluded. Touraine's recovery on the covered claim was precluded when the state court found it "clear and free from doubt that [Touraine] will be unable to prove facts legally sufficient to establish the right to relief," *see Freundlich*, 157 A.3d at 530, and dismissed the malicious prosecution claim with prejudice.

Spruce next argues that both abuse of process and malicious prosecution have been subsumed by the Dragonetti Act. Because those torts are no longer distinct, according to Spruce, coverage for one must include coverage for the other. Spruce argues alternatively that the law is blurry enough to create an ambiguity on that score, which must be resolved in Spruce's favor. We disagree.

The torts are distinct under Pennsylvania law. The Pennsylvania Supreme Court recently explained "that intra-case filings . . . do not constitute the 'procurement,

5

initiation or continuation of civil proceedings' as contemplated under the Dragonetti Act." *Raynor*, 243 A.3d at 56. Accordingly, abuse of process—which covers misuse of intra-case filings, *see id.* at 46—and the Dragonetti Act—which does not, *id.* at 56—remain distinct under Pennsylvania law.

As for an interpretation benefiting the insured, Spruce points to *Northwestern National Casualty Co. v. Century III Chevrolet, Inc.*, 863 F. Supp. 247 (W.D. Pa. 1994), as instructive. It is instructive—but it supports the District Court's analysis, not Spruce's. The insurer in *Northwestern* argued that a policy covering "malicious prosecution" did not include Dragonetti Act claims. *Id.* at 248. But because "the Dragonetti Act replaced the common law malicious prosecution cause of action," the court held the insurer could not "limit coverage to claims of common law malicious prosecution" without more specificity. *Id.* at 249–50. That holding is inapplicable here because the Westminster policy explicitly enumerates the covered torts. It includes malicious prosecution, so claims under the Dragonetti Act are covered by the policy. *See id.* More importantly, recovery on a malicious prosecution claim in the Underlying Action has been ruled out by the state court. Where, as here, insurance covers risks embodied in a specific list of torts, it "affords coverage only for [those] defined risks." *O'Brien Energy Sys., Inc. v. Am. Emps.' Ins. Co.*, 629 A.2d 957, 964 (Pa. Sup. Ct. 1993). The insurer need not protect against litigation over other unmentioned claims. *See id.* Because the covered claim was dismissed with prejudice, no possibility of recovery exists—and neither does a duty to defend.

6

B

Spruce makes much of our commentary in *U.S. Express Line Ltd. v. Higgins*, where we noted "it appears that [abuse of process and malicious prosecution] are subsumed within the general scope of the [Dragonetti] Act." 281 F.3d 383, 394 (3d Cir. 2002). According to Spruce, *Higgins* controls and the District Court erred by relying on our not-precedential opinion in *Langman v. Keystone Nazareth Bank & Trust Co.*, 502 F. App'x 220, 222 (3d Cir. 2012).[3] But Spruce's reliance on *Higgins* is misguided, and we find no error in the District Court's reasoning.

In *Higgins*, plaintiffs sued their attorneys, claiming they mishandled maritime attachment proceedings in federal court. 281 F.3d at 386–88. Plaintiffs relied on the Dragonetti Act and Pennsylvania common law. *Id.* at 392. Far from holding malicious prosecution and abuse of process were no longer distinct torts under Pennsylvania law, the *Higgins* court simply analyzed various sources of liability and held that, because bad faith was a requirement under all of them, the plaintiffs could not prevail absent a showing of bad faith. *See id.* at 394, 396. *Higgins* does not control our disposition here.

C

Finally, Spruce argues the result of its own successful preliminary objections— dismissal of the malicious prosecution claim with prejudice—is insufficiently final to

---

[3] Spruce also argues that dicta from *Stone Crushed Partnership v. Kassab Archbold Jackson & O'Brien*, 908 A.2d 875, 877 n.1 (Pa. 2006), bolsters its case. In our view, the Pennsylvania Supreme Court's consistent precedential reasoning, *see supra* Section II, is more predictive than its dicta.

preclude recovery on the malicious prosecution claim. First, it points to the Pennsylvania Rules of Appellate Procedure to suggest the dismissal was not a final order under Pennsylvania law. It claims that a motion to conform to proof could revive the claim at trial, that appeal from the order would be premature under PA. R. APP. P. 341(c), and that a dismissal with prejudice is not entitled to issue or claim preclusion. But it is hard to see how Spruce's rule could be squared with Pennsylvania's duty to defend and preliminary objection standards. Both terminating a duty to defend and dismissal of a claim on preliminary objections require that recovery on that claim be ruled out. Once a claim is dismissed, "it is clear and free from doubt" that recovery has been narrowed beyond the scope of the claim. *Compare Unionamerica*, 806 A.2d at 434, *with Feierstein*, 157 A.3d at 530.

Spruce also claims that the duty to defend exists through the conclusion of litigation, relying on a Hawaii case, *Commerce & Industry Insurance Co. v. Bank of Hawaii*, 832 P.2d 733 (Haw. 1992). But Spruce cited no Pennsylvania cases that adopt *Bank of Hawaii*'s approach. Nonetheless, he urges us to predict Pennsylvania would adopt it for three reasons. First, he compares Hawaii's and Pennsylvania's rules on when a decision may be appealed. But whether a dismissal is final for appellate purposes is a different question; we ask whether recovery has been confined to one outside the policy, not whether appellate jurisdiction exists. Spruce also points to other jurisdictions and the American Law Institute's latest *Restatement of the Law of Liability Insurance*, which have all adopted or endorsed a similar approach. Yet, in the nearly thirty years since *Bank*

8

*of Hawaii*'s decision, we are aware of no cases where a Pennsylvania court has adopted Spruce's favored approach. Pennsylvania's decades of silence ring louder than voices from other jurisdictions and treatises. Finally, Spruce tries to distinguish several Pennsylvanian federal district court opinions which have predicted Pennsylvania law would be contrary to *Hawaii*. But none of Spruce's arguments explains why a duty to defend should survive sustained preliminary objections that dismiss the only covered claim with prejudice, so the rebuttals are unpersuasive.[4] For these reasons, we decline Spruce's invitation to predict that Pennsylvania would adopt Hawaii's rule.

IV

Because it is "clear and free from doubt" that no covered claim could lead to recovery in this case, we will affirm the judgment of the District Court.

---

[4] We note that to the extent some cases have read *Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 87 (Pa. Sup. Ct. 2007), as stating a bright-line rule terminating the duty to defend when any dismissal takes place, that reading seems mistaken. *Bombar* is consistent with our analysis, and it reiterates that a duty to defend ceases when recovery is limited to one outside the policy's scope. *See Bombar*, 932 A.2d at 87.